# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIM MCMANUS, | § | |
| | § | No. 221, 2014 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| JUSTICE OF THE PEACE COURT | § | in and for New Castle County |
| #13, | § | C.A. No. N14A-04-001 |
| | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted: August 8, 2014
Decided: September 29, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## O R D E R

This 29th day of September 2014, upon consideration of the appellant's opening brief and the record on appeal,[1] it appears to the Court that:

(1)   The appellant, Kim McManus, filed this appeal from the Superior Court's dismissal of her petition for a writ of certiorari. McManus filed for a writ of certiorari in the Superior Court seeking review of a summary writ of possession issued by a three-judge panel of the Justice of the Peace Court. After careful consideration of McManus' brief and the documents properly constituting the record on appeal, we affirm the Superior Court's judgment.

---

[1] Neither the State, on behalf of Justice of the Peace Court 13, nor East Pointe Apartments chose to file an answering brief on appeal.

(2)     Most of McManus' brief contains allegations of various facts leading up to the filing of the writ of summary possession by her landlord, East Pointe Apartments.  While she does not deny that she had fallen into arrears at times with her rent payments, McManus asserts that she had come to an agreement with the property manager about paying her rent (which she was not permitted enough time to present documented evidence of at the de novo hearing), that she had paid most of the arrears, and that her landlord sought her eviction in retaliation for McManus' complaints about termites and mold.  She challenges the credibility of a witness and contends that, due to confusing advice she received from court personnel, both the Court of Common Pleas and the Superior Court misconstrued her various filings in those courts.

(3)     McManus' brief misapprehends the nature and scope of the common law writ of certiorari.  A writ of certiorari is not a substitute for, or the functional equivalent of, an appeal.[2]  In summary possession cases particularly, the General Assembly has determined that there is no right to traditional appellate review.[3]  The Superior Court thus does not consider the merits of the case.  It only considers whether the Justice of the Peace Court committed an error of law, exceeded its jurisdiction, or proceeded irregularly.[4]  The Superior Court's review is limited to

---

[2] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).

[3] *Id.*

[4] *901 Market, LLC v. City of Wilmington*, 2011 WL 4017520 (Del. Sept. 12, 2011).

errors apparent on the face of the record.[5] The record consists solely of the complaint initiating the proceeding, any written answer or response, and the docket entries.[6]

(4) In this case, McManus challenges the credibility of witnesses and contends that she was denied a fair opportunity to present evidence in her defense. These issues are not within the scope of the Superior Court's review on a writ of certiorari. We find no error in the Superior Court's dismissal of her petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[5] *Id.* at 1207.

[6] *Id.*