# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

EDWARD MURRAY, )
              )
  Appellant/Defendant-Below, )
              )
    v. )    C.A. No. N15A-02-001 ALR
              )
LANCASTER COURT )
RENTAL, LLC, )
              )
  Appellee/Plaintiff-Below. )

Submitted: February 11, 2015
Decided: February 12, 2015

## ORDER DENYING DEFENDANT'S
## EMERGENCY MOTION FOR STAY OF EVICTION

Upon Defendant/Appellant's motion for a stay of eviction submitted February 11, 2015, the Court finds as follows:

1. This is a summary possession case filed by Plaintiff, Lancaster Court Rentals, against Defendant, Edward Murray, in Justice of the Peace Court Number 13.[1]

2. Trial was scheduled in the Justice of the Peace Court on November 18, 2014. Defendant did not appear for trial and default judgment was entered against Defendant. A writ of possession was issued.

3. The proper procedure to appeal a writ of possession as a matter of right requires an appellant to request a trial before a three-judge Justice of the

---

[1] The Justice of the Peace Court has exclusive jurisdiction over summary possession proceedings. 25 *Del. C.* § 5701 *et seq.*

Peace panel pursuant to 25 *Del. C.* § 5717(a).[2] The statutory framework under Title 25, Section 57 of the Delaware Code provides no right to appeal from a decision of the three-judge panel.

4. Here, Defendant did not follow this procedure to appeal the writ of possession. Instead, Defendant filed a motion to vacate the default judgment with the Justice of the Peace Court. Defendant's motion to vacate claimed Defendant failed to appear at the November 18th trial because he was involved in a motor vehicle accident.

5. On December 18, 2014, the Justice of the Peace Court held a hearing on Defendant's motion to vacate default judgment. The Justice of the Peace Court determined Defendant lacked credibility and that Defendant offered no documentary evidence of the alleged accident through insurance information or otherwise. Accordingly, by Order dated December 23, 2014, the Justice of the Peace Court denied Defendant's motion to vacate the default judgment.[3]

6. Defendant then appealed the Justice of the Peace Court's Order denying Defendant's motion to vacate default judgment to the Court of Common Pleas.

---

[2] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1208 (Del. 2008).
[3] *Lancaster Ct. Rentals, LLC v. Murray*, C.A. No. JP13-14-012335 (Del. J.P. Dec. 23, 2014).

7. On January 30, 2015, the Court of Common Pleas issued an Order finding that the Justice of the Peace Court did not abuse its discretion in denying Defendant's motion to vacate default judgment.[4] The Court of Common Pleas affirmed the Justice of the Peace Court's decision and remanded the case back to the Justice of the Peace Court.

8. On February 2, 2015, Defendant filed a notice of appeal from the decision of the Court of Common Pleas with the Superior Court.

9. In the meantime, on February 9, 2015, upon remand, the Justice of the Peace Court issued an eviction notice on the grounds that Defendant did not appeal the writ of possession.

10. As noted previously, a writ of possession may only be appealed to a three-judge panel. Defendant did not properly appeal the writ of possession pursuant to 25 *Del. C.* § 5717.[5]

11. Defendant did not appeal the eviction notice. Defendant's only option, upon following the appellate procedure, would have been to file a writ of *certiorari* with this Court because this Court has the original and exclusive jurisdiction to issue writs of *certiorari* to the Justice of the Peace Court in summary possession cases.[6] Instead, on February 11,

---

[4] *Murray v. Lancaster Ct. Rentals, LLC*, C.A. No. CPU4-14-003830 (Ct. C.P. Jan. 30, 2015).
[5] *See Smith v. Justice of Peace Court No. 1*, 1990 WL 123051, at *4 (Del. Super. Aug. 7, 1990).
[6] *Maddrey*, 956 A.2d at 1212.

2015, Defendant filed the pending emergency motion for stay of eviction with this Court.

12. This Court does not have subject matter jurisdiction to stay the eviction.

13. Even if Defendant had followed the appropriate appellate procedure, Defendant would still be without a right to appeal the summary possession decision and accompanying issues to this Court.[7]

14. Furthermore, even if Defendant filed a proper writ of *certiorari* with this Court, Defendant's appeal has no merit because there are no errors on the face of the record.[8] This Court cannot accommodate Defendant's request to stay a properly executed eviction notice because this Court lacks jurisdiction and to do so would be an improper act, functionally equivalent to a traditional appellate review.[9]

**NOW, THEREFORE, upon this 12th day of February 2015, Defendant's emergency motion for stay of eviction is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[7] *Id.*
[8] *See id.* at 1207.
[9] *Id.*

4