# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

Melissa Thompson                     )
                                     )
    Appellant,               )
                                     )
v.                                   )       Case No. CPU4-20-003031
                                     )
Monument Square Apartments,          )
                                     )
    Appellee.                )

Submitted: December 7, 2020
Decided: December 22, 2020

Iran J. Garcia Domenech,Esq.
100 West 10th Street, Suite 203
Wilmington, DE 19801
*Attorney for Appellant*

David E. Matlusky, Esq.
1423 N. Harrison Street,
Wilmington, DE 19806
*Attorney for Appellee*

## DECISION ON APPEAL

**SMALLS, C.J.**

# FACTUAL AND PROCEDURAL HISTORY

This case is before the Court on appeal from a decision of the Justice of the Peace, pursuant to 10 Del. C. §9571.

On January 15, 2020, Monument Square Apartments ("Appellee") filed a Summary Possession action against Appellant in the Justice of the Peace Court seeking back rent and possession of a rental unit.

On February 25, 2020, Appellant and Appellee entered into a stipulated agreement, whereby Appellant relinquished her security deposit and in exchange was allowed to remain in the rental unit until April 30, 2020. However, pursuant to this agreement, if Appellant failed to vacate by April 30 2020, Appellee was permitted to immediately file for a Writ of Possession and obtain entry pursuant to a stipulated judgment without further Court hearing. This agreement also waived Appellant's right to trial and right to appeal the stipulated judgment.[1]

Subsequent to the execution of this agreement, the Covid-19 pandemic was declared and Governor Carney issued a State of Emergency Declaration. Pursuant to this Declaration, the Governor issued a moratorium on all evictions while the State of Emergency remained in effect.[2]

---

[1] At a hearing on this appeal, Appellee informed the Court that this procedure is used frequently by the Justice of the Peace Court in Summary possession actions.

[2] Sixth Modification to the Delaware State of Emergency Declaration (March 24, 2020).

On May 14, 2020, Appellee notified The Justice of the Peace Court that Appellant breached the stipulated agreement. Appellee requested the stipulated agreement be converted into a stipulated judgment and possession be granted to Appellee.

On June 18, 2020, The Justice of the Peace Court granted Appellee's request and converted the stipulated agreement into a stipulated judgment and granted permission for to Appellee to immediately file for a Writ of Possession once Delaware's moratorium on evictions was lifted.

On June 30, 2020, Governor Carney modified the State of Emergency Declaration to allow for evictions in the event "the [C]ourt determines on its own motion or motion of the parties that enforcement is necessary in the interest of justice."[3]

On July 15, 2020, Appellee filed for a Writ of Possession. Subsequently, on August 21, 2020, Appellee filed a Motion for possession alleging that it is in the Interest of Justice to proceed with the Writ of Possession. In the motion, Appellee represented that Appellant's only reasons for not vacating the unit were "logistical" and that it was in the best interest to move forward with the eviction for the health, safety, and welfare of the other tenants.

---

[3] Twenty-Third Modification of the State of Emergency Declaration (June 30, 2020).

On September 8, 2020, The Justice of the Peace Court found that Appellee's motion provided sufficient facts to proceed with the eviction in the interest of justice and granted the motion.

On September 11, 2020, Appellant filed a letter to the Justice of the Peace Court informing the Court of Appellant's health conditions and asking the Court to stay the eviction. On September 14, 2020, the Justice of the Peace Court stayed the eviction and scheduled a motion hearing.

On September 21, 2020, a hearing was held, however, the Appellant did not appear, therefore, on September 23, 2020 the Court denied Appellant's motion. On September 24, 2020, Appellant, now represented by counsel, filed a Motion to Stay the Execution of the Writ of Possession.

On September 25, 2020, the Justice of the Peace Court stayed the eviction. However, Appellee filed a motion to lift the stay and a hearing was scheduled on the motions.

On November 4, 2020, following a hearing, The Justice of the Peace Court concluded that the stipulation agreement was essentially a contract and therefore the stay on evictions did not apply in this case. Further, the Court again concluded that the eviction should proceed in the interest of justice and granted Appellee's request to lift the stay allowing for the Writ of Possession to proceed.

On November 5, 2020, Appellant attempted to file an appeal to a Three-Judge panel pursuant to 25 Del. C. §5717 for a trial *de novo*, however, this appeal was rejected. According to Appellant, subsequent to this rejection, the Judicial Operations Manager of The Justice of the Peace Court informed Appellant that they would have to file an appeal to The Court of Common Pleas and not the Three-Judge panel as "possession is no longer at issue in this case."

On November 9, 2020, Appellant filed this appeal to this Court, as well as an Emergency Motion to Stay the Writ of Possession and Stay the Justice of the Peace Court Order.

On November 13, 2020, Appellant's Emergency Motion to Stay was granted and the Writ of Possession as well as the Justice of the Peace Court Order was stayed pending the outcome of this Appeal.

On December 1, 2020, Appellee responded to the motion. Appellee's response argues that the Court of Common Pleas lacks jurisdiction to hear the appeal because possession of the rental unit is the sole issue of the case.

On December 7, 2020, a hearing was held on the motion and decision was reserved.

## PARTIES' CONTENTIONS

Appellant seeks review of the November 4, 2020 decision of the Justice of the Peace Court, granting Appellee's Motion in the Interest of Justice and Motion

4

to lift the stay. Appellant argues this Court has jurisdiction in this matter because possession of the rental unit was already adjudicated by the Justice of the Peace Court and is no longer at issue.

Appellee argues that this appeal solely pertains to possession of the rental unit as rent is not being sought and therefore, the Court of Common Pleas lacks subject matter jurisdiction to entertain this appeal.

## DISCUSSION

The Justice of the Peace Court has exclusive jurisdiction over summary possession actions.[4] A party aggrieved by a decision issued by a Justice of the Peace in a summary possession action may only appeal from that decision to a three-judge panel in the Justice of the Peace Court.[5] The judgment of the Three-Judge panel is final and there is no statutory right to appeal from this decision.[6] Therefore, the Court of Common Pleas, lacks jurisdiction to hear appeals from the Justice of the Peace Court in summary possession actions.[7]

According to Appellant, the Justice of the Peace Court had rejected their appeal to the Three-Judge panel and informed Appellant that possession was no longer at issue so their only recourse was to appeal to the Court of Common Pleas.

---

[4] Del. Code Ann. tit. 25, § 5701 (West).
[5] Del. Code Ann. tit. 25, § 5717 (West); *Alexander* v. *Harvey*, 2016 WL 6301230, at *3 (Del. Super.).
[6] *Maddrey* v. *Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).
[7] *Dorsey* v. *Cochran*, 2011 WL 809854, at *3 (Del. Com. Pl.).

The conclusion that possession is not at issue is not supported by the record. What the landlord seeks in this matter is possession of the rental unit. While the procedure may have been based upon a stipulated agreement, such agreement arises out of a relationship governed by the provisions of the Residential Landlord-Tenant Code provided in Title 25, Chapter 51 of the Delaware Code. The language of Section 5101 provides that the Code shall regulate and determine all rental agreements of a rental unit in The State. The essence and nature of these proceedings is an action for recovery of a rental unit. Appellant is currently in possession of the rental unit and Appellee is seeking to have Appellant evicted. Possession of the rental unit is the sole issue of this appeal. As such, The Justice of the Peace Court has exclusive subject matter jurisdiction over this case.

Although the procedure used by the Justice of the Peace Court in this matter seems to be inconsistent with the statutory scheme of the landlord-tenant code, this does not vest this Court with jurisdiction. Therefore, this appeal must be dismissed. Jurisdiction is vested in the Three-Judge panel of the Justice of the Peace Court.

## CONCLUSION

ACCORDINGLY, Appellant's appeal is dismissed and this case is remanded for consideration by the Three-Judge panel of the Justice of the Peace Court.

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge