## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OLUBUSOLA OGUNLADE,    )
            )
 Appellant/Petitioner,   )
            )
 v.          )  C.A. No. S24A-02-001 RHR
            )
KELVIN JOHNSON, SR.,    )
            )
 Appellee/Respondent.   )

Submitted: February 22, 2024
Decided: February 29, 2024

*Upon Appeal from Justice of the Peace Court No. 17*, **DENIED.**

## <u>ORDER</u>

After consideration of the filings by Appellant/Petitioner, it appears to the court that:

1. Kevin Johnson, the landlord, filed a complaint in the Justice of the Peace Court No. 17 ("JP Court") seeking summary possession, unpaid rent, and damages. Olubusola Ogunlade, the tenant, filed a counterclaim. The claims were consolidated and after trial the JP Court found in favor of Johnson in the amount of $4,490.86 plus post-judgment interest.

2. Johnson filed a timely appeal and the JP Court conducted a trial *de novo* with a three-judge panel. By decision dated December 28, 2023, the three-judge

panel awarded Johnson $12,364.89 for unpaid rent, late fees, utilities, damages, and the value of missing personal property.

3. On January 8, 2024, Ogunlade filed a motion in JP Court for a new trial. She alleged that Mr. Johnson illegally entered her rental unit, the damages claimed during the trial were overstated, and she is entitled to compensation for the "suffering endured." On January 9, 2024, the JP Court denied the motion, finding that Ogunlade had two opportunities to produce evidence to support her allegations and that the evidence Ogunlade now wished to produce was not newly discovered.

4. On February 1, 2024, Ogunlade, *pro se*, filed a notice of appeal in this court. She lists three grounds for appeal: (1) Johnson made false statements, (2) the JP Court disregarded her evidence, and (3) the original JP Court judge's decision was dismissed without explanation. Ogunlade supplemented her notice of appeal on February 22 with more detailed accusations to support her claims.

5. There is no right to an appeal from JP Court.[1] An aggrieved party may, however, seek relief in this court through a writ of *certiorari*. Although Ogunlade's filing in this court is captioned "notice of appeal," on the Superior Court Civil Case Information Statement she uses the civil case codes CDBT and ACER, which stand

---

[1] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1207 (Del. 2008) ("The Delaware Code provides that a party aggrieved by an initial single judge's judgment in a summary possession hearing may request a trial *de novo* before a three judge Justice of the Peace. There the statutory process ends.").

for Debt/Breach of Contract and *Certiorari*, respectively. Therefore, this court will consider Ogunlade's filing to be a request for a writ of *certiorari*, which is otherwise her only avenue for relief.

6.    On a writ of *certiorari*, this court's review is only on the record and is limited to reviewing whether the lower court (1) committed errors of law, (2) exceeded its jurisdiction, or (3) proceeded irregularly.[2] It cannot weigh evidence or review the JP Court's factual findings.[3] The only appropriate record for review on a writ of *certiorari* in a summary possession action is the complaint, answer, and docket.[4]

7.    There is no right of appeal from the JP Court and none of Ogunlade's claims challenge any of the three grounds for reviewing the JP Court's decision through a writ of *certiorari*. Therefore, her notice of appeal and, in the alternative, her petition seeking a writ of *certiorari*, must be **DISMISSED**.

**IT IS SO ORDERED.**

> */s/ Robert H. Robinson, Jr*
> Robert H. Robinson, Jr. Judge

---

[2] *Id*. at 1213.
[3] *Id*.
[4] *Id*. at 1216.