# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| RWE CLEAN ENERGY, LLC, and | ) | |
| DUKES FAMILY LIMITED | ) | |
| PARTNERSHIP No. 1, | ) | C.A. No.: S24A-07-001 RHR |
|    Petitioners, | ) | |
|  | ) | |
|    v. | ) | |
|  | ) | |
| TOWN OF FRANKFORD | ) | |
|    Respondent. | ) | |

Submitted: May 9, 2025
Decided: August 7, 2025

## MEMORANDUM OPINION

*Upon Review of the Petitioners RWE Clean Energy, LLC and Dukes Family Limited Partnership No.1's Petition for Writ of Certiorari,*

## REVERSED AND REMANDED.

Richard A. Forsten, Esq., Pamela J. Scott, Esq., and Jennifer M. Becnel-Guzzo, Esq., SAUL EWING LLP, Wilmington, Delaware, *Attorneys for Petitioners RWE Clean Energy, LLC & Dukes Family Limited Partnership No. 1*.

Scott G. Wilcox, Esq., GIORDANO, DELCOLLO, WERB, & GAGNE, LLC, Wilmington, Delaware, *Attorney for Respondent Town of Frankford*.

**Robinson, J.**

RWE Clean Energy, LLC filed an application and site plan to construct a solar farm on 22.5 acres in Frankford, Delaware (the "Property"). The Property is part of a 57-acre parcel owned by the Dukes Family Limited Partnership No. 1. The Frankford Town Council (the "Council") denied the application after a public hearing. The applicants filed a petition for a writ of certiorari that asked this court to reverse the Council's denial and to order the Council to approve the plan. Even with the limited review permitted on a writ of certiorari, it is clear the Council ignored its own land use ordinance and failed to provide reasons for the denial, rendering its decision illegal. Therefore, the decision of the Council is reversed, and the matter is remanded for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The Property is zoned NB, for Neighborhood Business. The list of permitted uses in the NB zone in Frankford's Land Development Ordinance (the "Ordinance") includes "[p]ublic utility service facilities."[1] The Ordinance defines "[p]ublic utility service facility" as "[a]ny use or structure associated with the provision of utility services."[2] The Ordinance further defines "Public Utility Service" as "[t]he generation, transmission, and/or distribution of electricity, gas, steam,

---

[1] Frankford, Del., Land Development Ordinance, p. 55 (Dec. 2010). The Ordinance permits public utility service facilities in two zones: Neighborhood Business and Light Industrial. In the other zones, they are permitted only as a conditional use.
[2] *Id*. at 10.

communications, and water; the collection and treatment of sewage and solid waste; and the provision of mass transit to the public."[3] Under these definitions—and the parties agree—the proposed solar farm is a legal, permitted use on the Property.[4]

On July 5, 2022, RWE and Dukes submitted their application and site plan to the town, which was then reviewed by the town's engineer and other state agencies.[5] On May 6, 2024, the Council conducted a public hearing on the application. At that hearing, members of the Council and public raised various concerns with allowing a solar farm in the center of the town. The main concern, however, was that the plan was not in accordance with the town's 2020 Comprehensive Plan, which specifically addresses the Property as follows:

> A large agricultural parcel (Dukes property) is located in the center of Frankford. It could present an opportunity to plan for a traditional town center. Although there are no proposals for developing the parcel at this time, the Town should begin discussing ideas for this area, as it could provide a variety of residential, commercial, and open space uses for the residents of Frankford.[6]

After the public hearing adjourned, the Council went immediately into its regular monthly meeting. After amending the agenda to move the discussion of the

---

[3] *Id.*

[4] At oral argument, the court noted that allowing public utilities as a permitted use in any zoning district other than an industrial seemed odd. It appears Frankford adopted an "off-the-shelf" zoning ordinance.

[5] In accordance with the Ordinance, Frankford's Planning Commission conducted a hearing on the application. The record does not reflect when that hearing was conducted or what action the Planning Commission took on it.

[6] Frankford, Del., Comprehensive Plan, p. 11 (2020).

application to the beginning of the meeting, the President of the Council asked for a "motion either to accept or reject the solar farm or any of the new farm."[7] A councilperson moved to deny the application and another councilperson seconded the motion. The Council then unanimously denied the application. Other than the general discussion during the public hearing, the Council did not discuss the matter prior to the vote, and no councilperson offered any explanation or rationale for his vote.

## STANDARD OF REVIEW

A writ of *certiorari* is not a substitute for an appeal. It is a significantly limited form of review in which the court determines whether a lower tribunal committed errors of law, exceeded its jurisdiction, or proceeded irregularly.[8] Otherwise, the court must defer to the judgment of the lower tribunal.

> [A] decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has proceeded illegally or manifestly contrary to law. Reversal on jurisdictional grounds is appropriate "only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction."[46] Reversal for irregularities of proceedings occurs if the lower tribunal failed to create an adequate record for review.[9]

---

[7] R., Ex. E at 3.
[8] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).
[9] *Id*. at 1214.

4

A writ of *certiorari* permits only a limited review of the record below; the reviewing court may not weigh evidence or consider the lower tribunal's findings.[10]

## THE PARTIES' CONTENTIONS

RWE argues that (1) the Council's denial amounted to an error of law because RWE was fully compliant with all applicable codes and therefore entitled to approval, and (2) the Council failed to create an adequate record because no reasoning was offered for its denial other than a general discussion during the public hearing about inconsistencies with the Comprehensive Plan, which uses only "aspirational" language when it mentions the Property. In response, the town contends that (1) RWE failed to show that the Council committed an error of law, and (2) that if the court finds an error of law, the court should not order the application to be approved but should remand the matter to the Council.

## DISCUSSION

The decision of the Council must be reversed. As a preliminary matter, the Council failed to create an adequate record for review when it offered no explanation for its denial of the application. As this court noted in *Middlecap Associates, LLC v. Town of Middletown*, "[w]hat is concerning is the absence of any rationale for these conclusions. The Court is not in a position to conduct judicial review of a vote that simply recites the legal standard in conclusory fashion, devoid of any integration of

---

[10] *Id*. at 1213.

facts that support it."[11] In the present matter, the Council failed to provide even a conclusory rationale for its denial: a councilperson made a motion to deny the application that was seconded, and the Council voted unanimously to approve the motion. There was not even a modicum of discussion or explanation about the vote. It is well-established that this court cannot scour the record of the proceedings below to discern the Council's rationale for its decision. As this court noted in *Green v. Sussex County*, "[t]he transcript of the evidence below is not part of the reviewable record and the Court cannot examine the transcript in order to evaluate the adequacy of the evidence which supports the conclusion rendered below."[12]

Having an explanation for the vote is especially important when, as here, the Council appears to have denied a legal, permitted use of the Property, thereby acting contrary to its own Ordinance. "When people purchase land zoned for a specific use, they are entitled to rely on the fact that they can implement that use provided the project complies with all of the specific criteria found in the ordinances and subject to reasonable conditions which the Planning Commission may impose in order to minimize any adverse impact on nearby landowners and residents."[13] As explained above, a solar farm is a permitted use on the Property.

---

[11] 2024 WL 3385825, at *4 (Del. Super. Ct. July 11, 2024).
[12] 688 A.2d 770, 773 (Del. Super. Ct. May 1, 1995).
[13] *East Lake Partners v. City of Dover Planning Commission*, 655 A.2d 821, 826 (Del. Super. Ct. Oct. 31, 1994).

Finally, to the extent the Council's denial relies on a perceived nonconformance with the Comprehensive Plan, that reliance is misplaced. While it is well-established that a comprehensive plan has the force of law,[14] Frankford's Comprehensive Plan only states that the Property "*could* present an opportunity to plan for a traditional town center" and that the town "*should* begin discussing ideas for this area."[15] This aspirational language does not supercede the permitted uses as set out in the Ordinance.[16]

## CONCLUSION

The standard for reversal on a writ of certiorari is considerable, but without a proper record of the proceedings below this court must reverse and remand. It also appears that the Council proceeded illegally when it denied the code-compliant site plan. Therefore, the Council's denial is **REVERSED AND REMANDED** for further proceedings consistent with this decision. This court strongly urges the Council to have legal representation when RWE's application is reconsidered.

---

[14] 22 *Del. C*. § 702(d).

[15] Opening Br., Ex. G (emphasis added).

[16] Also, although not raised by the parties, the court notes that Section 4-1.B.4 of the Ordinance requires the following:

> If the Town Council finds any development project to be inconsistent with the policies set forth in the Municipality's most recently Certified Comprehensive Plan, then the Town Council shall provide the applicant with documentation that details the substantive reasons why the project is not in compliance with the Comprehensive Plan and informs the applicant that the project shall not be approved until such time as it is brought into compliance with the Municipality's Comprehensive Plan.

If the Town Council denied RWE's application because it did not conform to the Comprehensive Plan, it failed to follow this procedure.