IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

KATHLEEN MORGAN and )
TURKEYS, INC., )
     )
       Plaintiffs, )
     )
       v. )     C.A. No. 14A-11-005 JAP
     )     (JP13-14-006891)
LIMESTONE VALLEY )
ENTERPRISES, LLC, )
     )
       Defendant. )
     )

## **ORDER**

Petitioners Kathleen Morgan and Turkey's Inc. seek a writ of certiorari to review an adverse judgment entered in the Justice of the Peace Court.

1. According to the petition, Turkey's, Inc. was a franchisee of Capriottis Sandwich Shop Inc. (a non-party) and leased a shop in the Lantana Square Shopping Center from Respondent Limestone Valley. Petitioner Morgan was a guarantor of Turkey's, Inc. obligations under that lease.

2. Although the *pro se* petition is not entirely clear, petitioners ask this court "to review the decision of the Justice of the Peace Court no. 13 pertaining to Civil Action No. JP13-14006891 dated October 20, 2014 . . . ." The judgment of the Justice of the Peace Court is not attached, but it appears from the instant petition that the Justice of the Peace Court granted a writ of possession to Limestone and entered a money judgment

against petitioners in favor of Limestone. In addition to seeking a writ of certiorari petitioners ask this court to "grant a restraining order staying the further action of Limestone . . . from taking any action with regard to the Eviction Notice Writ of Possession." The court interprets the latter as a request for a stay of the proceedings in the Justice of the Peace court matter.

3. The instant petition is signed only by Ms. Wilson, and the court takes judicial notice that she is not a member of the Bar of the Supreme Court of Delaware. It is settled that corporations may not appear in this court except through an attorney.[1] Because no attorney has entered an appearance on its behalf, the petition of Turkey's, Inc. will be stricken.

4. Ms. Morgan is free to represent herself in this court. It appears, however, that this court likely lacks jurisdiction to entertain her petition. Here, petitioner Morgan asks this court to review an adverse decision by the Justice of the Peace Court. "A writ of certiorari is not a substitute for, or the functional equivalent of an appeal."[2] Accordingly it is "only available when no other basis for review was available."[3] To the extent that Ms. Morgan seeks a review of a money judgment entered against her in the Justice of the Peace Court, she had an avenue of review available

---

[1] *Evergreen Waste Services v. Unemployment Ins. Appeal Bd.*, 23 A.3d 865 (Del. 2011) (TABLE) ("[T]his Court may not entertain an appeal by a corporation where the corporation is not represented by counsel"); *St. Paul Fire and Marine Ins. Co. v. Elkay Mfg. Co.*, 2003 WL 139775, at *8 (Del. Super. Jan. 17, 2003).
[2] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).
[3] *Desmond v. State,* 782 A.2d 263 (Del. 2001) (TABLE) (internal quotation marks omitted).

to her by way of an appeal to the Court of Common Pleas.[4]  Accordingly this court apparently lacks jurisdiction to issue a writ of certiorari with respect to any money judgment entered against Ms. Morgan in the Justice of the Peace Court.

5. Insofar as Ms. Morgan is seeking a review of the writ of possession, Ms. Morgan may lack standing to seek such a review since she is apparently not the tenant under the lease and therefore has no right to possession.

6. Ms. Morgan seeks a stay of any proceedings in the Justice of the Peace Court action.  In order to obtain such a stay, she must show, among other things, that she has a reasonable likelihood of success on the merits.[5]  She has not done so.

**WHEREFORE** it is hereby **ORDERED** that:

1. The petition of Turkey's Inc. is **STRICKEN.**

2. Petitioner Morgan shall show cause in writing on or before December 20, 2014 why her petition should not be dismissed for lack of standing (insofar as she seeks review of the writ of possession) and lack of jurisdiction (insofar as she seeks review of personal judgments entered against her). If Ms. Morgan fails to timely submit a response, the matter will be dismissed without further notice.

---

[4]   10 *Del. C.* § 9570.
[5]   *BAC Home Loans Servicing, L.P. v. Brooks*, 2012 WL 1408596, at *2 (Del. Super. March 8, 2012).

3.   The application for a stay of the proceedings below is

**DENIED.**

November 20, 2014

John A. Parkins, Jr.
Superior Court Judge

oc:  Prothonotary

cc:  Kathleen Morgan, 9 West Shore Court, Landenberg, Pennsylvania
     19350
     Limestone Valley Enterprises, LLC, 3403 Lancaster Pike, Wilmington,
     Delaware 19805
     Clerk of the Justice of the Peace Court 13 Concord Professional
     Building, 1010 Concord Avenue, Wilmington, Delaware 19802