# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES DAVID BLACK and,  §
ELISABETH V. BLACK,      §
                         §    No. 86, 2014
   Petitioners Below -   §
   Appellants,           §
                         §    Court Below:
v.                       §    Superior Court of the State
                         §    of Delaware, in and for
JUSTICE OF THE PEACE     §    New Castle County
COURT 13, and PAUL D. TAYLOR, §
                         §
   Respondents Below -   §    C.A. N14A-01-006 CEB
   Appellees.            §

Submitted: October 15, 2014
Decided: November 25, 2014

Before **STRINE**, Chief Justice; **HOLLAND**, **RIDGELY**, **VALIHURA**, Justices, and **RYAN**, Judge*, constituting the Court *en Banc*.

Upon appeal from the Superior Court of the State of Delaware. **REVERSED AND REMANDED**.

R. Craig Martin, Esquire *(argued)* and Brian A. Biggs, Esquire, DLA Piper LLP (US), Wilmington, Delaware, Attorneys for Petitioners Below - Appellants.

Donald L. Gouge, Jr., Esquire, Wilmington, Delaware, Attorney for Paul D. Taylor, Respondent Below - Appellee.

**HOLLAND**, Justice:

* Sitting by designation under Del. Const. art. IV, § 12.

The matter before this Court began on November 21, 2013, when Paul D. Taylor ("Taylor") filed a complaint seeking back rent and possession of a home he had rented to James David Black and Elisabeth V. Black (the "Blacks"). Justice of the Peace Court 13 ordered an expedited summary possession trial under 25 *Del. C.* § 5115. That statute grants authority to Justice of the Peace Courts to issue a "forthwith summons" when "the landlord alleges and by substantial evidence demonstrates to the Court that a tenant has caused substantial or irreparable harm to landlord's person or property."[1]

This is an appeal from the Superior Court's judgment denying the Blacks' petition for a writ of *certiorari*. The Blacks present two arguments on appeal. First, they allege the record shows, and the Blacks pled, that Justice of the Peace Court 13 proceeded contrary to law and denied the Blacks due process of law when it issued a forthwith summons under 25 *Del. C.* § 5115 absent satisfaction of the statutory requirements for issuance of that summons. Second, the Blacks assert the record shows that Justice of the Peace Court 13 proceeded irregularly because it created no record regarding the basis for its issuance of the forthwith summons.

We have concluded that both of the Blacks' contentions are meritorious. Therefore, the judgment of the Superior Court must be reversed.

---

[1] 25 *Del. C.* § 5115.

*Facts*

Taylor's complaint was filed in Justice of the Peace Court 13 on November 21, 2013 at 8:13 a.m., alleging:

> The plaintiff landlord rented this residential unit to defendant tenants by lease. Rent is $1600 per month. Defendants have not paid rent for August – November 2013. The total due is $6,400 (reduced by $500 for a pet deposit). The five day letter dated November 13, 2013 is attached and incorporated by reference. The plaintiff landlord seeks back rent and possession.

Taylor's complaint did not allege any past substantial or irreparable harm caused by the Blacks and attached no affidavits or other evidence to that effect. Nevertheless, Justice of the Peace Court 13 issued a forthwith summons at 11:49 a.m. on November 21, 2013 – the same day – and scheduled trial for 1:00 p.m. on November 22, 2013 – the very next day. Justice of the Peace Court 13 docketed that it granted the forthwith summons, but did not record what standard it applied or what evidence it considered. The docket entry merely stated, in relevant part: "PER JUDGE ROBERTS: GRANTED. SCHEDULE FORTHWITH." The Blacks had less than 24 hours to prepare for trial because the Constable did not return service to them until 3:17 p.m.

The Blacks objected to the expedited proceedings at the November 22 hearing, but Justice of the Peace Court 13 overruled this objection and proceeded with the eviction trial immediately. At trial, Justice of the Peace Court 13 found

3

for Taylor and ordered back rent and re-possession of the Blacks' home. The Blacks appealed that decision to a three-judge panel of Justice of the Peace Court 13. At the hearing on the appeal, the Blacks objected again to the Justice of the Peace 13's issuance of the forthwith summons. The three-judge panel overruled the objection, found in favor of Taylor, and again ordered the Blacks to pay back rent and granted re-possession of the Blacks' home to Taylor.[2]

The Blacks filed a petition for writ of *certiorari* in the Delaware Superior Court seeking review of Justice of the Peace Court 13's final judgment. The Blacks' petition alleged that Justice of the Peace Court 13 erred as a matter of law when it issued the forthwith summons without the allegations and proof required under 25 *Del. C.* § 5115. The Blacks also alleged that the Justice of the Peace Court 13 proceeded irregularly because it created no record of why it issued the forthwith summons. The Superior Court dismissed the Blacks' petition.

### *Certiorari Review*

This Court has held that the Superior Court can issue writs of *certiorari* to a Justice of the Peace Court to review summary possession proceedings for errors of law.[3] *Certiorari* review in a summary possession action is "on the record and the reviewing court may not weigh evidence or review the lower tribunal's factual

---

[2] *Taylor v. Black*, Del. J.P., C.A. No. JP-13-13-015262, Lee, J., Page, J., Tull, J. (Jan. 14, 2013); A120-122.
[3] *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1212 (Del. 2008).

findings."[4]   The only record appropriate for common law *certiorari* review in a summary possession action is "the initial papers, limited to the complaint initiating the proceeding, the answer or response (if required) and the docket entries."[5]

Because of its limitations, *certiorari* review is only appropriate when two threshold requirements are met.[6]   The first threshold requirement is that "the judgment must be final and there can be no other available basis for review."[7] There is no dispute that the January decision by the three-judge panel of Justice of the Peace Court 13 is a final, non-appealable judgment.[8]   Second, the petition must raise the type of claim reviewable on *certiorari*, namely "whether the lower tribunal (1) committed errors of law, (2) exceeded its jurisdiction, or (3) proceeded irregularly."[9]   "'A decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has 'proceeded illegally or manifestly contrary to law.'"[10]   "Reversal on jurisdictional grounds is appropriate 'only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction.'"[11]   "Reversal for

---

[4] *Id.* at 1213.
[5] *Id.* at 1216.
[6] *Id.* at 1213-14.
[7] *Id.* at 1213.
[8] 25 *Del. C.* § 5717; *see also Maddrey*, 956 A.2d at 1213.
[9] *Maddrey*, 956 A.2d at 1213; *see also* 1 Victor B. Woolley, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware*, §§ 896-97 (1906).
[10] *Maddrey*, 956 A.2d at 1214 (quoting *Christiana Town Center, LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004)).
[11] *Id.* (quoting *Christiana Town Center, LLC*, 2004 WL 2921830, at *2).

5

irregularities of proceedings occurs 'if the lower tribunal failed to create an adequate record for review.'"[12]

### *Error of Law*

The Blacks' petition for a writ of *certiorari* alleged that the Justice of the Peace Court 13 committed an error of law because it issued the forthwith summons without complying with the statutory requirements of 25 *Del. C.* § 5115. Pursuant to that statute, a Justice of the Peace Court may issue a "forthwith summons" only when "the landlord alleges and by substantial evidence demonstrates to the Court that a tenant has caused substantial or irreparable harm to landlord's person or property . . . ."[13] The record reflects that Justice of the Peace Court 13 disregarded § 5115 in two key respects. First, Taylor's complaint did not allege that the Blacks had caused "substantial or irreparable harm." Second, the complaint and the docket entries do not reflect that Justice of the Peace Court 13 received any authenticated documents, testimony, affidavits or <u>any evidence</u> – let alone substantial evidence – that supported a finding of past substantial or irreparable harm. There was no dispute on this point. The Superior Court questioned Taylor's counsel on the deficiencies of the complaint and the absence of any substantial evidence on the record. Taylor's counsel conceded there were no allegations in the

---

[12] *Id.* (quoting *Christiana Town Center LLC*, 2004 WL 2921830, at *2).
[13] 25 *Del. C.* § 5115 (emphasis added).

6

complaint and no affidavit or other evidence submitted in support of the complaint that would satisfy § 5115.

The Blacks' petition for a writ of *certiorari* alleged that Justice of the Peace Court 13 erred as a matter of law by granting the forthwith summons even though Taylor failed to allege and provide evidence meeting the statutory requirements of 25 *Del. C.* § 5115. The Blacks' petition further alleged that this error was clear on the face of the record. The Blacks' petition, thus, satisfied the first basis set forth by this Court in *Maddrey v. Justice of the Peace Court 13* for the issuance of a writ of *certiorari*, *i.e.*, that "the lower tribunal . . . proceeded illegally or manifestly contrary to law" because it did not follow the statutory requirements of § 5115.[14] Accordingly, we hold that the Superior Court erred by dismissing the Blacks' petition and refusing to issue the writ of *certiorari*, when the petition satisfied the first criterion set forth in *Maddrey*.

### *Proceeded Irregularly*

Our holding in *Maddrey* also establishes that a party aggrieved by a final judgment of the Justice of the Peace Court for summary possession may petition the Superior Court for *certiorari* review on the grounds that the Justice of the

---

[14] *Maddrey*, 956 A.2d at 1214.

Peace Court proceeded irregularly.[15]  The record reflects that the only docket entry

that addressed the forthwith summons cursorily stated, with no explanation:  "PER

JUDGE ROBERTS: GRANTED.  SCHEDULE FORTHWITH."  The docket entry

fails to demonstrate what evidence was considered, what standard was applied, and

whether the evidence met that standard.  The docket entry following the expedited

hearing is also deficient, and simply reads, "POSSESSION PLTF MUST PUT

ALL UTILITIES IN HIS NAME."   These errors are reviewable on *certiorari*

according to the third criterion set forth in *Maddrey*:

> As an example of an error properly reviewable on a writ
> of *certiorari*, the Superior Court can **consider
> irregularities shown in the docket entries**. . . .  Justices
> of the Peace should, in every case insure that the docket
> sheet, in order to create a reviewable record, reflects a
> short statement of the decision . . . that explains who
> prevailed and the burden of proof applied.[16]

Accordingly, we also hold that Justice of the Peace Court 13 proceeded irregularly

by insufficiently docketing the basis for its decisions to issue the forthwith

summons and possession.[17]

---

[15] *Id.*; *see also* Woolley at §§ 896-97.  "Reversal for irregularities of proceedings occurs 'if the lower tribunal failed to create an adequate record for review.'"  *Maddrey*, 956 A.2d at 1214 (quoting *Christiana Town Center LLC*, 2004 WL 29211830, at *2).

[16] *Maddrey*, 956 A.2d at 1215 (emphasis added).

[17] *See id.* at 1214.  Of course, the docket itself can refer to a separate document that contains this information.  In this case, there is nothing of that kind and the sole explanation is provided by the docket itself.

## *Conclusion*

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this opinion.