IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

KATHLEEN MORGAN and
TURKEYS, INC.,

   Plaintiffs/Petitioners/Appellants,

          v.

LIMESTONE VALLEY
ENTERPRISES, LLC,

   Defendant/Respondent/Appellee.

C.A. No. 14A-11-005 JAP

## **ORDER**

1. Petitioners ask this court to issue a writ of certiorari reviewing an adverse holding of a three judge panel of the Justice of the Peace Court. Petitioner Morgan's check for the payment of filing fees in this court was returned for lack of sufficient funds. Consequently, petitioners have added a request for leave to proceed *in forma pauperis.* This court previously struck the petition of Turkeys Inc. because it was not signed by a member of this court. At the same time it ordered petitioner Morgan to show cause why her claim should not be dismissed for lack of standing. Petitioners

have responded to that order, and this is the court's final judgment in this matter. It has not previously acted on the request to proceed *in forma pauperis* because that application was only recently filed.

*Facts and Procedural History*

2. Turkeys Inc. was at one time a franchisee of Capriotti's, Inc. and operated a sandwich shop using the Capriotti's name in the Lantana Square Shopping Center. Petitioner Morgan was the sole stockholder and officer of Turkeys. It appears that Morgan personally guaranteed at least some of Turkeys' financial obligations.

3. For reasons which are not clear, Turkeys apparently fell into financial trouble. One creditor, Geoffrey Scott, brought suit in this court against Turkeys and Morgan, who was the guarantor of Turkeys' debt to Scott. He ultimately obtained a judgment against both for $298,000 and in 2013 he began to levy on the goods and chattels at the sandwich shop.

4. Limestone Valley Enterprises, LLC owned the premises which Turkeys used as the sandwich shop. Limestone and Turkeys

2

entered into the lease in 2008 and Turkeys began operation soon thereafter. A few weeks after he obtained his judgment, Scott served a writ of attachment on Limestone seeking to attach Turkeys' interest in the Limestone-Turkeys lease. The issuance of the writ of attachment constituted an event of default by Turkeys under the lease. In May 2014 Limestone notified Turkeys of the default and, without waiving its rights, allowed Turkeys time to cure the default by having the attachment vacated.

5. Turkeys did not cure the default, so in August 2014 Limestone filed an action against Turkeys for a writ of possession in the Justice of the Peace Court. Limestone sought no monetary relief against Turkeys and, accordingly, Morgan was not named as a defendant. Turkeys demanded a jury trial, which Limestone opposed on the basis that Turkeys waived any right to a jury trial in its lease with Limestone. The matter was tried before a single Justice of the Peace, who found in favor of Limestone. Turkeys appealed to a three judge panel of that court.

6. On October 20, 2014, the three judge panel found in favor of Limestone. In doing so it rejected Turkeys' request for a jury trial

3

because of the waiver in the lease. The court found that Turkeys was in violation of its lease.

7. On November 17, 2014, Morgan and Turkeys filed a petition for a writ of certiorari in this court. No attorney entered an appearance on behalf of Turkeys.

8. Shortly thereafter this court entered an order which in pertinent part:

> (a) struck Turkeys' petition because it was not signed by a member of the Bar of the Supreme Court of Delaware, and
>
> (b) directed Morgan to explain why her petition should not be dismissed because she lacked standing since she was not entitled under the lease to possession of the premises.

Morgan timely responded to this court's order.

9. In response to this court's decision to strike Turkeys' petition because it was not signed by an attorney, Morgan asks this court to appoint an attorney to represent it. There is no basis for the court to appoint an attorney here. Consequently, it will not vacate its decision striking Turkey's petition.

*The request for leave to proceed* in forma pauperis.

10.   Plaintiffs in a civil matter are required by law to pay a filing fee when instituting a civil matter in this court.[1]   The court is authorized to conditionally waive or reduce that fee when an individual is unable to pre-pay that fee.  In order to obtain such a waiver, the plaintiff must:

> [S]ubmit a sworn affidavit sufficient to allow the court to determine the ability of the affiant to pay all or any portion of the court costs and fees associated with the filing of an action in that court. Such affidavit shall contain a statement that the affiant is unable to pay the costs and fees, and *shall provide complete information as to the affiant's* identity, the nature, source and amount of all of the affiant's income, the affiant's spouse's income, *all real and personal property owned either individually or jointly, all cash or bank accounts held either individually or jointly*, any dependents of the affiant and all debts and monthly expenses. The affiant shall further swear or affirm that the information in the affidavit is true and correct and made under penalty of perjury.[2]

In her request for leave to proceed *in forma pauperis* Morgan failed to provide any information concerning the personal property, including bank accounts, which she owns.  This omission is not a mere technicality.  A profit and loss statement Morgan submitted in

---

[1]   Superior Court Civil Rule 3(e).
[2]   10 Del. C. § 8803(b).

connection with her petition for a writ of certiorari shows a net profit for Turkey of $285,000 in 2013. Accordingly, the court finds that it is not a foregone conclusion that Morgan owned no personal property and therefore her omission of that information (even though called for by the form she completed) is material.

11. Ordinarily in instances in which a *pro se* plaintiff has omitted information in an *in forma pauperis* request the court would grant the plaintiff an opportunity to remediate such a deficiency. Here the court will not do so because the underlying petition for a writ of certiorari is frivolous and would therefore be subject to immediate dismissal even if Morgan had submitted an adequate affidavit in support of her motion to proceed *in forma pauperis.* Thus, any supplement or amendment to her affidavit would be futile.

*The petition for a writ of certiorari is frivolous.*

12. In cases where a plaintiff is proceeding *in forma pauperis* Delaware law permits the court to dismiss a frivolous complaint without requiring service upon the defendant. The law provides for this because, unlike cases in which plaintiffs pay the filing fee,

there is no economic disincentive to the filing of frivolous or malicious complaints by a plaintiff proceeding *in forma pauperis.*[3]

14. The court is required to dismiss cases such as this when it determines that the case is legally or factually frivolous. According to section 8803 of Title 10:

> Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised.[4]

*The court finds that Morgan's claims are legally frivolous.*

15. Insofar as Morgan's lack of standing is concerned, she points to nothing giving her standing to contest a judgment rendered against an artificial business entity. In particular she did not bring to the court's attention any document giving her (as opposed to Turkeys) a right to possession of the premises. Although Morgan was a guarantor of Turkey's financial obligations under the lease, the action merely sought possession of the premises and did not seek recovery of any money damages from

---

[3] *Wood v. Brian Collison & Dep't of Corr.,* 2014 WL 7149214, at *5 (Del. Super. Dec. 12, 2014).
[4] 10 Del. C. § 8803(b).

Turkeys. Consequently, she had no standing to contest the action for a writ of possession.

16. Even assuming that Morgan had standing here, she would not be entitled to a writ of certiorari. According to the Supreme Court:

> [T]he petition must raise the type of claim reviewable on *certiorari,* namely whether the lower tribunal (1) committed errors of law, (2) exceeded its jurisdiction, or (3) proceeded irregularly. A decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has proceeded illegally or manifestly contrary to law. Reversal on jurisdictional grounds is appropriate 'only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction. Reversal for irregularities of proceedings occurs if the lower tribunal failed to create an adequate record for review.[5]

The court finds that the opinion of the three judge panel was orderly and well-reasoned. The closest Morgan gets to alleging any of the required showings for a writ of certiorari is her contention that her petition is "[b]ased on lack of judicial standing of Landlord's plea," which the court interprets as challenging the jurisdiction of the Justices of the Peace Court. It is settled however

---

[5] *Black v. Justice of the Peace Court 13*, 105 A.3d 392,394 (Del. 2014) (internal footnotes and marks omitted).

that the Justices of the Peaces Courts are vested with jurisdiction to hear petitions for a writ of possession brought by landlords of commercial leaseholds.[6]

Morgan's petition to proceed *in forma pauperis* is therefore **DENIED** and her claims are **DISMISSED.**

 

February 18, 2015           _____

                                  John A. Parkins, Jr.

                                       Judge

 

oc:    Prothonotary

cc:    Kathleen Morgan, 9 West Shore Court, Landenberg, Pennsylvania 19350
Limestone Valley Enterprises, LLC, 3403 Lancaster Pike, Wilmington, Delaware 19805
Jeffrey M. Weiner, Law Offices of Jeffrey M. Weiner, P.A., Wilmington, Delaware

---

[6] 25 Del. C. chapter 57.