**BANK OF DELAWARE, a Corporation of the State of Delaware, Trustee Under the Last Will and Testament of Albert T. Hanby, Deceased, Plaintiff Below, Appellant,**

v.

**CLAYMONT FIRE COMPANY NO. 1, a Corporation of the State of Delaware, Defendant Below, Appellee.**

No. 379, 1986.

Supreme Court of Delaware.

Submitted April 7, 1987.
Decided July 23, 1987.

[black redaction blocks]

John H. Benge, Jr., Allmond, Eastburn & Benge, Wilmington, for appellant.

James R. Leonard, Potter, Carmine & Hodas, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and BALICK, JJ. [Sitting by designation pursuant to Del. Const., Art. IV, § 12]

MOORE, Justice.

The Bank of Delaware as Trustee under the will of Albert T. Hanby, who died in 1947, appeals the Court of Chancery's grant of summary judgment to Claymont Fire Company No. 1 (the Fire Company), dismissing the Trustee's petition seeking either to reform or terminate a lease between the parties. The Vice Chancellor ruled that the suit was without merit and, in the interests of justice and judicial economy, granted summary judgment in defendant's favor even though the Fire Company had not so moved. Thus, we address for the first time under Delaware law the question of a trial court's inherent power to grant summary judgment in favor of a non-moving party. In our opinion, the trial court correctly analyzed and disposed of all the issues. Accordingly, we affirm and thereby approve the grant of summary judgment under these circumstances.

I.

The principal asset of the Hanby trust is a large tract of land known as Hanby's Corner, located north of Wilmington. The will provides that the land is to be held by the Trustee for "religious, charitable, educational, beneficial, social and recreational purposes, for the poor and needy, and for the children of the State of Delaware."[1] Basically, the purposes of the trust are achieved by various leases of the Hanby tract for uses consistent with the trust's objectives.

In 1965, the Fire Company leased approximately four acres of land from the Trustee for a term of forty years, renewable for an additional forty years, at an annual rent of $1.00. The lease specified the following use of the premises:

"... Said premises shall be used by the Lessee solely for the purpose of erecting thereon a fire house, assembly room and meeting rooms and parking area and for no other purpose without the prior written consent of the Lessor and the approval of the Advisory Board of Governors of the Albert T. Hanby Foundation."

The lease also provided that the assembly room and meeting rooms of the fire station would be made available for community use at a reasonable cost. However, nothing in the lease specifically requires the Fire Company to continuously operate the fire station without interruption.

The undisputed facts show that after the Fire Company built its substation, the facility was operated without interruption until February 15, 1982, when it was closed for twenty-eight consecutive days. It reopened on March 14, 1982 and remains open today. The Trustee now claims that this brief closing constitutes an abandonment terminating the lease.

The Trustee's brief is replete with allegations of bitter internal discord among members of the Fire Company. Allegedly, this caused the shutdown of the fire station.

---

1. For a historical description of the trust and its administration, see *Bank of Delaware v. All-mond,* Del.Ch., 183 A.2d 188 (1962).

The "evidence" submitted consists of newspaper articles, editorial comments and other hearsay statements attached to or contained in affidavits of persons having no personal knowledge of such purported facts. None of this comports with the requirement of Chancery Court Rule 56(e) that affidavits shall be made on personal knowledge and shall set forth "such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Thus, plaintiff's claims of bitter dissention in the Fire Company, spurred by "firehouse politics", is without factual support.

The plaintiff now seeks (1) a judgment that defendant abandoned the premises and thereby terminated the lease, or (2) reformation of the lease to require the Fire Company to operate the substation without interruption.

The Court of Chancery held that there was no breach or abandonment of the leasehold by the Fire Company. The trial court noted that the lease does not require that the Fire Company provide fire protection service continuously at the Hanby's corner site.

As for reformation, the Court of Chancery observed that such relief is granted in the absence of fraud or misrepresentation only where it is demonstrated that there was a mutual mistake, or a unilateral mistake coupled with a knowing silence and clear and convincing proof of the agreement to be incorporated in the reformed instrument. *Collins, et al. v. Burke, et al.,* Del.Supr., 418 A.2d 999, 1002 (1980). Since none of these factors existed here, the trial court held that reformation was inappropriate.

## II.

■ On this record, we are satisfied that the Fire Company did not breach the conditions imposed by the lease. A review of the written agreement indicates that the defendant is obligated to:

1) Pay rent;

2) Erect a fire house and an assembly room;

3) Pay all utilities;

4) Pay all taxes and assessments;

5) Allow public use of the assembly room;

6) Obtain public liability insurance; and

7) Maintain the property.

It is undisputed that the Fire Company, throughout the term of the lease, satisfied these requirements. It is also clear that the lease does not contain a provision obligating defendant to provide continuous fire protection services. Thus, there are no facts which sustain plaintiff's allegation that the Fire Company was in breach of the lease agreement.

Turning to the abandonment issue, it is clear that under Delaware law a lessor must establish the lessee's intent to abandon the leasehold property *and* an act on the part of the lessee evidencing such intent in order to establish abandonment. *Colt Lanes of Dover, Inc. v. Brunswick Corp.,* Del.Supr., 281 A.2d 596, 600 (1971). Here, plaintiff does not present a scintilla of evidence tending to establish either requirement.

The lease agreement permits the Fire Company to sublet or assign the leasehold interest only with the written consent of the Trustee. In the months preceding the temporary shutdown of the station, the Fire Company informed the Board of Governors of the Hanby trust of its desire to *sell* its interest in the leasehold estate. Although the interest was never sold or assigned, the record clearly establishes that the defendant considered the leasehold property its own and the facts refute all contentions that the Fire Company intended to abandon the interest. To the contrary, the negotiations with third parties evidence the Fire Company's continuing ownership of the leasehold estate. Further, the Fire Company informed the landlord by letter dated February 17, 1982—just two days after the fire station was closed—that it was not abandoning the premises. On that record the trial court properly concluded that there was no abandonment of the leasehold estate. Accord-

ingly, the landlord is not entitled to a forfeiture of the premises.

Plaintiff argues here, as it did in the trial court, for reformation of the lease contract. The Trustee asks us to impose upon the lessee the condition that the Fire Company provide continuous service from Hanby's Corner site. However, we agree with the trial judge that plaintiff produced no credible evidence supporting reformation of the contract and thus the Trustee failed to satisfy the requirements for reformation set forth in *Collins v. Burke*.

### III.

Finally, plaintiff contends that the trial judge erred in granting summary judgment for the defendant where the defendant did not seek summary judgment under Del.Ch.Ct.Rule 56. The Trustee argues that it was not aware that it was defending a case-dispositive motion and that it was therefore unfair and prejudicial for the trial judge to *sua sponte* grant summary judgment in favor of defendant. We find that argument unpersuasive here. When a party moves for summary judgment under Chancery Court Rule 56, and the court concludes that the moving party is not entitled to summary judgment, and the state of the record is such that the nonmoving party clearly is entitled to such relief, the judge may grant final judgment in favor of the nonmoving party. The form of the pleadings should not place a limitation upon the court's ability to do justice. *See* 6 Moore's *Federal Practice* § 56.12; Wright and Miller, 10A *Federal Practice and Procedure* § 2720 at 29–34. Here, plaintiff had a full and fair opportunity to present its views. The Trustee's motion for summary judgment lacked proper factual support. Rather than establishing the validity of its claim, plaintiff's summary judgment motion and the accompanying affidavits demonstrated the claim's lack of merit. On the state of that record the trial judge properly entered judgment in favor of defendant in the interests of justice and judicial economy. We find no error in that decision.

For the foregoing reasons the judgment of the Court of Chancery is AFFIRMED.