# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROUENA KONKIEL and<br>SHANNON TRUITT, | ) | |
| | ) | |
| | ) | |
| Defendants-Below/Petitioners, | ) | |
| | ) | |
| v. | ) | C.A. No. S21A-11-005 MHC |
| | ) | |
| VAN GABRIEL TERLEMEZIAN, | ) | |
| a.k.a. VAN GABRIEL | ) | |
| TERLEMAZIAN,[1] | ) | |
| | ) | |
| Plaintiff-Below/Respondent. | ) | |

## OPINION AND ORDER

Submitted: March 15, 2022
Decided: March 21, 2022

Upon Consideration of Petitioners' Complaint for Writ of Certiorari,
**GRANTED**. Decision of the Justice of the Peace Court is **VACATED**
and **REMANDED**.

Emery Abdel-Latif, Esquire, Gonser and Gonser, P.A., Wilmington, Delaware.
*Attorney for Defendants-Below/Petitioners.*

Paul G. Enterline, Esquire, Georgetown, Delaware. *Attorney for Plaintiff-Below/
Respondent.*

**CONNER, J.**

---

[1] The notice of appeal identifies the Plaintiff-Below/Respondent as "Van Gabriel
Terlemezian." Documents in the Justice of the Peace Court record refer to the Plaintiff-
Below/Respondent as "Van Gabriel Terlemazian."

## INTRODUCTION

(1)      This case stems from a residential landlord-tenant dispute in Sussex County, Delaware. Presently, Defendants-Below/Petitioners Rouena Konkiel and Shannon Truitt ("Petitioners") seek an order from this Court vacating the decision of the Justice of the Peace Court (the "JP Court") granting summary possession of a rental unit to Plaintiff-Below/Respondent Van Gabriel Terlemezian, a.k.a. Van Gabriel Terlemazian[2] ("Respondent") and remanding the case for a trial. Petitioners' primary contention is that the JP Court's failure to conduct a jury trial deprived Petitioners of their statutory rights under 25 *Del. C.* § 5710. For the reasons set forth below, the writ of certiorari is **GRANTED**. The JP Court's August 6, 2021, order is **VACATED**. This matter is **REMANDED** for further proceedings consistent with this order.

## FACTUAL AND PROCEDURAL BACKGROUND

(2)      On October 7, 2020, Respondent informed Petitioners in writing that Petitioners had sixty days to vacate the residential rental unit located at 18916 Shingle Point Road, Georgetown, Delaware (the "Property") because the

---

[2] *Supra.*

Property was listed for sale.[3] The lease expired and Petitioners failed to vacate the Property.[4]

(3)     On October 23, 2020, Respondent filed an action in the JP Court seeking summary possession of the Property.[5] Petitioners filed a counterclaim on May 11, 2021, which contained contentions including that Respondent's notice of termination of the lease was retaliatory.[6]

(4)     On August 3, 2021, Respondent filed a motion for summary judgment in JP Court on the issue of possession of the Property.[7] On August 5, 2021, the JP Court held a conference at which the summary judgment motion was presented.[8] The next day, or three days after the filing of the motion for summary judgment, the JP Court issued an order granting Respondent's motion for summary judgment on the possession issue and set the retaliatory counterclaim for a trial at a date to be determined.[9]

(5)     Petitioners then filed an appeal to a three-judge panel in the JP Court pursuant to 25 *Del. C.* § 5717. While the appeal to the three-judge panel was

---

[3] *Terlemazian v. Konkiel*, Del. J.P., C.A. No. JP17-20-004160, Martin, J. (Nov. 12, 2021), at 2 [hereinafter JP Appeal Opinion at --].
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Pet'rs Compl. Writ of Mand., E-File 66861578, Ex. A.
[8] Pet'rs Compl. Writ of Cert., E-File 67115730, Ex. B at 4.
[9] *Terlemazian v. Konkiel*, Del. J.P., C.A. No. JP17-20-004160, Wood, J. (Aug. 6, 2021).

pending, Petitioners filed a complaint in this Court for a writ of mandamus.[10] On September 17, 2021, the Court dismissed that complaint and explained that mandamus is not a proper remedy in an interlocutory matter that can be subsequently reviewed on appeal.[11]

(6)　　　In November 2021, the three-judge JP Court panel considered a new summary possession motion filed by Respondent.[12] On November 12, 2021, the panel entered an order granting possession of the rental property to Respondent.[13]

(7)　　　On November 22, 2021, Petitioners filed a notice of appeal and petitioned this Court for a writ of certiorari (the "Petition").[14] Two days later, Respondent filed a motion to dismiss for failure to state a claim.[15] On December 13, 2021, Petitioners filed a response to Respondent's motion to dismiss.[16] Oral argument was held on December 17, 2021, and thereafter the Court requested additional items from the parties.

---

[10] Pet'rs Compl. Writ of Mand., E-file 66861578.
[11] Mot. Hr'g Tr., Sept. 17, 2021, 3:2–4:22, E-File 66951762; *Williams v. Marvel,* 158 A.2d 486, 486 (Del. 1960).
[12] *See* JP Appeal Opinion at 3.
[13] *See Id.* at 2-3.
[14] Pet'rs Compl. Writ of Cert., E-File 67115730.
[15] Pl. Mot. to Dismiss, E-File 66882951.
[16] Pet'rs Resp. Mot. to Dismiss, E-File 67164437.

## PARTY CONTENTIONS

(8)      In addition to the aforementioned argument advanced by the Petitioners regarding a statutory right to a jury trial under the Residential Tenant-Landlord Code (the "Code"),[17] Petitioners also contend that the JP Court's grant of summary judgment was inappropriate because neither the Code nor the JP Court Civil Rules reference summary judgment.

(9)      Respondent seeks dismissal of Petitioners' complaint for a writ of certiorari for failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6). Respondent first argues that the complaint should be dismissed as premature because it was filed before the judgment below became enforceable. Respondent also contends that Petitioners failed to allege any error or injustice in the proceedings below because 25 *Del. C.* § 5710 requires a trial only when triable issues of fact are raised, and here there were no trailable issues of fact.

---

[17] 25 *Del. C.* § 5710.

## STANDARD OF REVIEW

(10)     The Superior Court may issue a writ of certiorari to the JP Court pursuant to 10 *Del. C.* § 562.[18] As a threshold matter, "the judgment below must be final, and there must be no other available basis for review."[19] If that initial hurdle can be cleared, this Court's review is narrow. "While the common law writ of certiorari is available to correct errors on the face of the record, the General Assembly's intent would be frustrated by using that narrow review improperly to conduct the functional equivalent of traditional appellate review in Superior Court."[20]

(11)     The Court's review in this context is limited to "consider[ation of] the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[21] An error of law occurs when the lower court "proceeded illegally or manifestly contrary to law."[22] Irregular proceedings occur when the lower court "failed to create an adequate record for review."[23]

---

[18] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1209 (Del. 2008); *Munce v. Justice of the Peace Court No. 14*, 2019 WL 549581, at *2 (Del. Super. Feb. 8, 2019).

[19] *Matter of Butler*, 609 A.2d 1080, 1081 (Del. 1992).

[20] *Maddrey*, 956 A.2d at 1207 (italics removed).

[21] *Christiana Town Ctr., LLC v. New Castle Cty.*, 865 A.2d 521, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004) (TABLE).

[22] *Id.* (quoting Woolley, Delaware Practice, Volume I, § 921).

[23] *Id.* (quoting Woolley, Delaware Practice, Volume I, § 923).

# DISCUSSION

A. <u>The Judgment Below is Final</u>

(12)     As an initial matter, it is clear that the judgment below is final. "The Code regulates all legal rights and remedies that stem from a residential rental agreement."[24] Under 25 *Del. C.* § 5701, the JP Court has jurisdiction over summary possession cases regarding real property. A party to the proceedings may appeal the JP Court's initial judgment to a three-member panel made up of JP Court Officers, "which shall render *final judgment* . . . ."[25] The Code provides no further appellate procedures for such cases.[26]

(13)     The Delaware Supreme Court has expressly held that the Superior Court does not have jurisdiction to hear appeals from the JP Court in summary possession of real property cases.[27] In limited distinguishable circumstances, a judgment in a summary possession case may be appealable to the Court of Common Pleas,[28] however it is clear that summary possession proceedings are not intended to be generally appealed beyond the three-justice panel.

---

[24] *Metrodev Newark, LLC v. Justice of Peace Court No. 13*, 2010 WL 939800, at *6 (Del. Super. Feb. 18, 2010); 25 *Del. C.* § 5101(a).

[25] 25 *Del. C.* § 5717(a) (emphasis added).

[26] *See generally* 25 *Del. C.* §§ 5101-5907.

[27] *Capano Investments v. Levenberg*, 564 A.2d 1130, 1131 (Del. 1989); *Bomba's Rest. & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766, 768-69 (Del. 1978).

[28] *See Gibson v. N. Delaware Realty Co. Stoneybrook Townhomes*, 1996 WL 453414, at *3 (Del. Super. June 6, 1996).

(14)    Here, after the initial judgment was entered, the three-member panel rendered judgment. Thus, there are no further avenues for review.

B. The Statutory Right to a Jury Trial Under the Code

(15)    Section 5710 of the Code states, "[w]here triable issues of fact are raised, they shall be tried by the court."[29] While the language, "triable issues of fact," is reminiscent of a summary judgment standard,[30] the JP Court Civil Rules do not expressly provide for summary judgment.

(16)    It is conceivable that summary judgment in the JP Court may be permissible under JP Court Civil Rule 1.[31] However, this Court is disinclined to espouse the soundness of such procedural practice when the time period between the filing and granting of the motion affords the nonmovant merely three days for filing a written response.[32]

---

[29] 25 *Del. C.* § 5710.
[30] For example, the Delaware Supreme Court has used identical language in reviewing a grant of summary judgment, *see AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 443 (Del. 2005) (finding that "the Superior Court erred, as a matter of law, by granting summary judgment in favor of the defendants because there was a *triable issue of fact* . . . .") (emphasis added).
[31] J.P. Civ. R. 1 reads in pertinent part, "[i]f no procedure is specifically prescribed by these Rules, the Court may proceed in any lawful manner not inconsistent with the Rules of another Delaware Court, statute, or administrative directive."
[32] For instance, a motion for summary judgment in this Court must be "served at least 10 days before the time fixed for the hearing." Super. Ct. Civ R. 56(c).

8

(17)     A party does not always have a statutory right to a trial under 25 *Del. C.* § 5710. It is apparent from a plain reading of the statute that a trial is required only when there is a triable issue of fact.

(18)     Unfortunately, irregular proceedings occurred in that the record is insufficient to conduct certiorari review of the JP Court's decision to forego a trial. Normally, a trial would be required to establish the elements of summary possession (i.e. the parties had a lease, the lease expired, and proper notice to vacate the premise was provided).[33] A trial would also provide the Petitioners an opportunity to contest that summary possession is appropriate. If the JP Court decides to award summary possession in lieu of a trial, the decision needs to be clear that the JP Court found there was no "triable issue of fact" necessitating a trial under § 5710. In order to determine there is no "triable issue of fact," the court must rely on facts established through the discovery process, affidavit or stipulation. This is necessary for both due process and to create a proper record for review.

(19)     Here, the JP Court's August 6, 2021, order failed to adequately explain its decision to grant summary possession without a trial. The JP Court precluded the possibility of a trial through the mechanism of summary judgment, but the court did not clearly conclude that it was doing so because

---

[33] *See* 25 *Del. C.* § 5702.

9

there was no triable issue of fact. In the JP Appeal Opinion Senior Justice Martin wrote that "[o]n August 17, 2021, the [Respondent] filed a Motion for Summary Judgment on the issue of possession. In considering this Motion and the [Petitioners]' stipulation to the facts outlined in paragraphs 2b-2i, the Court found that there were no material facts in dispute on this issue."[34] However, at oral argument on December 17, 2021, counsel for Petitioners stated there were no stipulated facts presented to the court. Moreover, there are no stipulated facts in the record. Thus, it is unclear what facts the JP Court relied upon in rendering its decision, and how those facts were made part of the record.

(20)        Therefore, the JP Court proceeded irregularly in regard to its determination of whether a trial was required. This Court directs the JP Court to vacate and set aside the August 6, 2021, order in this case. This matter is remanded for further proceedings consistent with this order.

## CONCLUSION

(21)        The Court finds that the Justice of the Peace Court proceeded irregularly by failing to create an adequate record for review. Specifically, the August 6, 2021, order lacked a statement accounting for whether a "triable issue of fact" necessitated a trial under 25 *Del. C.* § 5710. Accordingly, Petitioners'

---

[34] JP Appeal Opinion at 3.

10

complaint for a writ of certiorari is **GRANTED.** The Court directs the Justice

of the Peace Court to **VACATE** and set aside the August 6, 2021, order in this

case. This matter is **REMANDED** for further proceedings consistent with this

order.

**IT IS SO ORDERED.**


_/s/ Mark H. Conner_
Mark H. Conner, Judge


cc: Prothonotary

11