IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD JONES, | § | |
| | § | No. 62, 2023 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N23A-01-001 (N) |
| GATEWAY HOUSE, INC., | § | |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: September 29, 2023
Decided: December 7, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1)     The appellant, Ronald Jones, filed this appeal from the Superior Court's order dismissing his appeal of the Justice of the Peace Court's decision awarding possession and back rent to the appellee, Gateway House, Inc. For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     Beginning in 2013, Jones rented an apartment from Gateway House. Gateway House unsuccessfully tried to evict Jones in summary possession proceedings in 2016 and 2019.  In July 2021, Jones filed an action against Gateway House's executive director in the Justice of the Peace Court for monetary damages

arising from Gateway House's allegedly retaliatory acts under 25 *Del. C.* § 5516 and toxic living conditions in his apartment ("Damages Proceeding"). In September 2021, Gateway House instituted a summary proceeding for possession and back rent against Jones in the Justice of the Peace Court ("Summary Possession Proceeding").

(3) Trial in the Damages Proceeding took place on December 17, 2021. Before the trial began, the Justice of the Peace Court granted the motion to join Gateway House as the proper party and to dismiss Gateway House's executive director. Jones moved to continue the trial, which the Justice of the Peace found was pretextual and denied. After Jones rested his case without presenting any evidence, the Justice of the Peace Court found that he had failed to meet his burden of proof and dismissed his complaint with prejudice. Jones did not seek appellate review but filed a counterclaim in the Summary Possession Proceeding for monetary damages arising from Gateway House's allegedly retaliatory acts under 25 *Del. C.* § 5516 and toxic carpet in his room.

(4) In the Summary Possession Proceeding, Gateway House moved to dismiss Jones's counterclaim as untimely and barred by *res judicata*. The Justice of the Peace Court initially dismissed the counterclaim as untimely, but later held that Jones could raise retaliation and conditions claims based on acts that occurred after December 22, 2021. Trial took place on August 2, 2022. Early in the presentation of his case, Jones withdrew his counterclaim. The jury returned a unanimous verdict

in favor of Gateway House for possession and rent owed in the amount of $18,039.15.

(5)     After the Justice of the Peace Court entered judgment in favor of Gateway House, Jones filed an appeal to a three-judge panel in the Justice of the Peace Court under 25 *Del. C.* § 5717(c).  He argued that the Justice of the Peace Court erroneously deprived him of the right to present his counterclaim and that the doctrine of res judicata did not bar his counterclaim.  Gateway House submitted arguments in opposition to Jones's position.  On December 2, 2022, the three-judge panel held that *res judicata* barred Jones's counterclaim and affirmed the judgment in favor of Gateway House.

(6)     On December 16, 2022, Jones filed a notice of appeal in the Court of Common Pleas.  On December 20, 2022, the Court of Common Pleas dismissed the appeal based on its lack of jurisdiction over appeals from a three-judge panel of the Justice of the Peace and the Superior Court's exclusive jurisdiction.

(7)     On January 4, 2023, Jones filed a notice of appeal in the Superior Court.[1]  After granting Jones's motion to proceed *in forma pauperis*, the Superior Court reviewed the appeal as required by 10 *Del. C.* § 8803(b) and dismissed the appeal on the basis that it was legally frivolous and plainly appeared from the face

---

[1] Jones's appellate paperwork was electronically docketed on January 9, 2023, but the praecipe bears a Prothonotary stamp that appears to be dated January 4, 2023.  The January 4, 2023 date would be consistent with when Jones said he went to the Superior Court to fill out the paperwork.

of the appeal that Jones was not entitled to relief. The Superior Court did not provide any reasoning for these conclusions. This appeal followed.

(8) On appeal, Jones argues that the Superior Court erred in dismissing his appeal without allowing him to argue the merits of his claims. Gateway House contends that the Superior Court did not err in dismissing Jones's appeal because the Superior Court lacked jurisdiction and Jones was not entitled to relief even if the Superior Court had jurisdiction. Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not err in dismissing Jones's appeal.

(9) Under § 8803(b), a trial court must review a complaint[2] once the plaintiff's motion to proceed *in forma pauperis* is granted. If the trial court determines that the complaint is factually frivolous, malicious, or legally frivolous such that even a pro se litigant should have found well-settled law disposing of the issues raised, the complaint must be dismissed.[3] It is well-settled law that the Superior Court lacks jurisdiction to hear an appeal from a summary possession proceeding in the Justice of the Peace Court.[4]

---

[2] A complaint is "any civil action or miscellaneous action or any application for an extraordinary writ." 10 *Del. C.* § 8801(1).

[3] 10 *Del. C.* § 8803(b).

[4] *Capano Invs. v. Levenberg*, 564 A.2d 1130, 1131 (Del. 1989); *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766, 769 (Del. 1978).

4

(10)    As Gateway House recognizes in its answering brief, the Superior Court does have jurisdiction to issue writs of certiorari to the Justice of the Peace Court in summary possession cases.[5]  Almost all of the papers Jones filed in the Superior Court referred to an appeal, but his Civil Information Statement listed the Civil Case Code as ACER and the Civil Case Type as Certiorari.  The extraordinary remedy of a writ of certiorari "is not a substitute for, or the functional equivalent of, an appeal."[6]  On a writ of certiorari, the reviewing court does not consider the merits of the case, but considers only whether the lower court committed an error of law, exceeded its jurisdiction, or proceeded irregularly.[7]  Review is limited to errors apparent on the face of the record, which consists only of the complaint initiating the proceeding, any written answer or response, and the docket entries.[8]  Even assuming Jones's Superior Court papers could be construed as a timely petition for a writ of certiorari,[9] he has not shown that the Justice of the Peace Court committed an error of law, exceeded its jurisdiction, or proceeded irregularly.

---

[5] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).

[6] *Id.*

[7] *Id.* at 1213-14.

[8] *Id.* at 1216.

[9] Absent a showing of exceptional circumstances, a petition for a writ of certiorari must be filed within thirty days of the order to be reviewed.  *In re Fridge*, 1991 WL 247811, at *2 (Del. Nov. 20, 1991).  A timely petition for a writ of certiorari was due by January 3, 2023, but Jones filed his papers in the Superior Court on January 4, 2023.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice